MINUTE ENTRY
BARBIER, J.
DECEMBER 1, 2005

                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WANDA SCHMIDT, ET AL | CIVIL ACTION |
| VERSUS | NO: 04-3412 |
| MTD PRODUCTS, INC., ET AL | SECTION: "J"(1) |

     The Court held a telephone conference in this matter with the following counsel participating:  Robert Barkley for plaintiffs; and Craig Nelson for defendants.  At the conference, the Court conducted follow-up discussions related to defendants' pending **Motion for Summary Judgment** (Rec. Doc. 19) seeking dismissal of defendant MTD Holdings.

     At the close of oral argument on the motion held on November 16, 2005, the Court directed defense counsel to file an affidavit clearing up fact issues surrounding the identity of the proper defendant.  Defendants submitted the affidavit of Guenter F.

Plamper, apparently an official with the MTD entities.[1]  However, upon discussion between all counsel and the undersigned, it was determined that the affidavit did not conclusively resolve the issue of MTD Holding's potential liability.  Accordingly, the Court suggested and counsel agreed to reach a stipulation that would resolve the matter.

Subsequently, counsel for the defendants contacted the Court's staff to inform the Court that upon further reflection, the MTD defendants "decline to do anything else" to resolve the issue.  Thus, no joint stipulation will be forthcoming from the parties.

The Court is therefore left at the same place it left off following oral argument:  a fact issue has been raised, but not resolved, concerning the propriety of MTD Holdings as a defendant.  While counsel for defendants has suggested that the only remaining issue is a legal one, namely, whether the assumption of the liabilities of MTD Products, Inc., n/k/a MTD Holdings, Inc. by MTD Products, Inc. (Delaware) is effective as to third parties, and argued that plaintiff must come forward with legal authority to prove the ineffectiveness of the assumption as to third parties, in fact, no evidence of certain

---

[1] The affidavit does not specify Mr. Plamper's relationship to the MTD companies.

supporting *facts* has been presented (e.g., corporate documents reflection the assumption of liability).  Moreover, it goes without saying that defendants bear the burden of proof on their motion for summary judgment and as such should be the parties to point to any law they believe establishes that they are entitled to dismissal.

   Accordingly, defendants' **Motion for Summary Judgment** (Rec. Doc. 19) should be and is hereby **DENIED**.

                 * * * * * * * * * * * * * * * **

JS-10:15

3