```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA


WANDA SCHMIDT, wife of/and
WILLIAM F. SCHMIDT                         CIVIL ACTION

VERSUS                                     NO: 04-3412

MTD PRODUCTS, INC. and MTD                 SECTION: "J"(1)
HOLDINGS, INC.
```

### ORDER AND REASONS

Before the Court are **Defendants' Motion to Exclude Expert Testimony (Rec. Doc. 55)**, and **Plaintiffs' Motion in Limine to Exclude Certain Testimony of Defense Experts (Rec. Doc. 56)**. These motions were set for hearing, without oral argument on June 21, 2006.  Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Defendants' motion should be denied and Plaintiffs' motion should be denied in part and granted in part.

### BACKGROUND

This is a civil case in which Plaintiff, Dr. William Schmidt, has brought claims under the Louisiana Products Liability Act ("LPLA") against Defendants, MTD Products, Inc. and MTD Holdings, Inc, arising out of an accident while Dr. Schmidt

was using a riding lawn mower manufactured by Defendants to cut the grass in his backyard.  Plaintiff claims that the lawn mower on which he was riding malfunctioned by rapidly accelerating, instead of slowing as he depressed the clutch brake pedal, sending him and the mower towards and ultimately into a concrete ditch that borders his property.  Dr. Schmidt claims that his left hand and fingers were severely mangled in the accident.

Dr. Schmidt claims that the accident occurred because the speed control link on the lawn mower broke.  Dr. Schmidt also claims that the lawn mower is defective in design because when the speed control rod fails, the lawn mower defaults to full speed, instead of slowing down.

Defendants deny that the lawn mower is defective in design. Defendants claim that the accident was caused by Dr. Schmidt's failure to exercise ordinary and reasonable care for his own personal safety.  Specifically, MTD claims that Dr. Schmidt never performed any recommended maintenance on the lawn mower and never adjusted the brake in the 13 years that he owned the mower.

On these pre-trial motions in limine, each side attempts to exclude or limit the testimony of the opposing side's liability expert.  Each side contends the opposing expert's testing is unreliable, and/or irrelevant, and thus should be excluded.

**DISCUSSION**

Federal Rule of Evidence 702, which governs the admissibility of expert witness testimony, provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

In <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 589, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), the Supreme Court interpreted Rule 702 as requiring the trial judge to ensure that an expert's testimony is both reliable and relevant to the case at hand. <u>Daubert</u>'s gatekeeping function applies not only to "scientific" testimony, but to all expert testimony. <u>Kumho Tire Company, Ltd. v. Carmichael</u>, 526 U.S. 137, 146-148, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). In evaluating whether an expert's testimony is reliable and relevant, the district judge must assess whether the "reasoning or methodology underlying the testimony is scientifically valid" and also must determine whether the reasoning or methodology can be applied to the facts at issue. <u>Curtis v. M & S Petroleum, Inc.</u>, 174 F.3d 661, 668 (5th Cir.1999). The proponent of expert testimony is not required to prove that the testimony is correct, but must only prove "by a preponderance of the evidence that the testimony is reliable."

Moore v. Ashland Chemical, Inc., 151 F.3d 269, 276 (5th Cir.1998), cert. denied,526 U.S. 1064, 119 S.Ct. 1454, 143 L.Ed.2d 541 (1999).

Defendants' Motion to Exclude Plaintiff's Expert (Hugh Grow):

 Defendants seeks to limit the opinion of Plaintiffs' expert, Hugh Grow, from being admitted into evidence because it does not pass Daubert standards.  In summary, Defendants argue that Grow's testimony that the mower is "defective and unreasonably dangerous" is a legal conclusion, is unsupported by testing, and is, therefore, inadmissible.  In opposition, Plaintiff claims that the Court's approach to applying Daubert principles to technical expert testimony should be "a flexible one," as expressed in Kumho Tire.  Plaintiff argues that Grow's testimony should not be limited or excluded because he did not perform certain testing because, in accordance with precedent, an expert's opinions may be based on first-hand observation and application of ordinary engineering principles - as Plaintiffs claims Grow's opinions are based.

 This Court agrees with Plaintiff.  As Judge Vance reasoned in Kirkland v. Marriott International Inc., 416 F. Supp.2d 480, 484 (E.D. La. 2006), the Advisory Committee note to Rule 702 of the Federal Rules of Evidence explains that testimony from an expert whose reliability is based primarily on his or her

personal observations, professional experience, education, and training may be admissible.  That committee note provides:

> Nothing in this amendment is intended to suggest that experience alone-or experience in conjunction with other knowledge, skill, training or education may not provide sufficient foundation for expert testimony. To the contrary, the text of Rule 702 expressly contemplates that an expert may be qualified on the basis of experience.

Fed. R. Evid. 702, Advisory Committee's Note.  Also, in <u>Pipitone v. Biomatrix, Inc.</u>, 288 F.3d 239 (5th Cir. 2002), the Fifth Circuit concluded that when an expert's testimony is based on specialized knowledge, experience, training, and firsthand observation and is also supported by solid evidence in the scientific community, it is admissible - even without testing. Here, similar to Judge Vance's conclusion in <u>Kirkland</u> and the Fifth Circuit's <u>Pipitone</u> decision, this Court concludes that Grow's testimony is reliable and relevant, and finds that his reasoning and methodology are drawn from the facts of the case *and* his expertise, making his testimony admissible.

<u>Plaintiffs' Motion to Exclude Defense Experts (Gunter Plamper, Thomas Meunier, Kenneth Boudreaux):</u>

Plaintiffs request that the Court exclude testimony or exhibits from Gunter Plamper, Defendants' in-house, testifying expert, relating to the condition of and sufficiency of component parts on Plaintiff's mower; ANSI Standard No. B71.1 or the compliance of Plaintiff's tractor with the requirements thereof;

the condition of the discharge chute, toe guard, or gear-shift cover of Plaintiff's mower; the accuracy of Plaintiff's testimony regarding the manner in which the accident occurred; and the videotaped testing involving the mower driven by Plamper. Defendant opposed this motion.

Specifically, this Court agrees that Plamper should not be allowed to testify regarding ANSI Standard No. B71.1 or the compliance of Plaintiff's tractor with the requirements thereof. As Plaintiffs point out in their motion, Plamper conceded that nothing in the ANSI standard B71.1 - 1986 addresses any part of the speed control link, ferrule, or torque bracket assembly. (Plamper II, pp. 195, 198). Because those are the parts that are at issue in this case, the Court concludes that this testimony is irrelevant and if it were admitted, would run the risk of confusing or misleading the jury.

Next, this Court agrees that Plamper's testimony regarding the condition of the discharge chute, toe guard, or gear-shift cover of Plaintiff's mower should be excluded. As Plaintiffs point out in their motion, Plamper admitted that the discharge chute, toe guard, and blade lift mechanism did not play a role in causing the accident wherein Plaintiff was injured. (Plamper II, pp. 218-219). Because these parts had nothing with the accident at issue in this case, this Court determines that such testimony

is irrelevant and, therefore, inadmissible.

Also, this Court agrees that Plamper should not be allowed give his opinion on the accuracy of Plaintiff's testimony regarding what happened before the accident and the manner in which the accident occurred.  Plamper's opinions about the veracity of Plaintiff's testimony are not appropriate expert testimony and should, therefore, be excluded. See Phillips v. General Motors Corp., 2000 WL 1285380 (E.D. La. Sept. 12, 2000). Coincidentally, a similar issue regarding Plamper's testimony arose in the Seventh Circuit in Goodwin v. MTD Products, Inc., 232 F.3d 600 (7th Cir. 2000).  In that case, the plaintiff sued MTD Products after he sustained an eye injury while mowing, which he argued had resulted from a design defect on the mower that had caused a plastic wing nut to fly off and injure him. The Seventh Circuit affirmed the trial court's decision to exclude Dr. Plamper's expert opinion regarding the plaintiff's recollection of the incident, finding that an expert cannot testify regarding credibility issues.

The Court also agrees with Plaintiff that Plamper's videotaped testing should be excluded; however, the Court further finds that Plaintiffs' videotape should also be excluded. The Court finds that the videos will likely be cumulative in that Plamper and Grow will invariably have already explained to the

jury what is depicted in the videos.  Further, the Court concludes that any relevance would be substantially outweighed by the danger of unfair prejudice and jury confusion as neither of the videos seem to accurately demonstrate how the accident at issue in the case occurred.  See Scordill v. Louisville Ladder Group, LLC, 2004 WL 307475 (E.D. La. Feb. 17, 2004)(videos excluded because video material could easily be explained by experts without aid of video itself and because significant differences existed between them and the facts of the case, which decreased the probative value).

This Court concludes that Plaintiffs' motion should be denied in all other respects - including their request to exclude the supplemental reports of Thomas Meunier and Ken Boudreaux. Accordingly,

**IT IS ORDERED** that **Defendants' Motion to Exclude Expert Testimony** (Rec. Doc. 55) should be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that **Plaintiffs' Motion in Limine to Exclude Certain Testimony of Defense Experts (Rec. Doc. 56)** should be and is hereby **DENIED IN PART and GRANTED IN PART.**

New Orleans, Louisiana this 3rd day of July, 2006.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE