```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


WANDA SCHMIDT, wife of/and              CIVIL ACTION
WILLIAM F. SCHMIDT


VERSUS                                  NO: 04-3412


MTD PRODUCTS, INC. AND MTD              SECTION: J(1)
HOLDINGS, INC.
```

**ORDER**

Before the Court is Defendants' **Motion for Reconsideration** on the issue of Plaintiffs' claims for redhibition and attorney's fees. After considering this motion, Plaintiffs' opposition, and the applicable law (which neither party addressed), the Court concludes that Defendants' motion should be GRANTED.

The Louisiana Products Liability Act ("LPLA") is the exclusive remedy for damage recovery against a manufacturer and does not allow for the recovery of attorneys fees. The act defines "damage" as:

> all damage caused by a product, including survival and wrongful death damages, for which Civil Code Articles 2315, 2315.1 and 2315.2 allow recovery. "Damage" includes damage to the product itself and economic loss arising from a deficiency in or loss of use of the product only to the extent that Chapter 9 of Title VII of Book III of the Civil Code, entitled "Redhibition," does not allow recovery for such damage or economic loss. Attorneys' fees are not recoverable under this Chapter.

La. R.S. 9:2800.53(5). Attorneys fees, however, are recoverable in some limited circumstances and only in claims for redhibition. As the Louisiana Fourth Circuit explained:

> The LPLA is the exclusive remedy against a manufacturer and does not allow for the recovery of attorney's fees, while attorney's fees are recoverable from the manufacturer in a redhibition claim pursuant to La. C.C. art. 2545. However, attorney's fees may be awarded only:
>
>> [I]nsofar as those fees relate to the recovery of purely economic loss. This is because much of the proof of a "vice" for redhibition recovery overlaps with proof of a defective product for tort purposes. However, courts in such suits should be careful to realistically allocate recovery costs between the personal injury and economic loss portions of the claim.
>
> Frank L. Maraist & Thomas C. Galligan, Jr., Louisiana Tort Law § 15-6 (1996) (citations omitted).
>
> Thus, it will be for the trial court to determine what of the respondents' claims constitute pure economic loss and what damages for which La. C.C. arts. 2315, 2315.1, and 2315.2 allow recovery. Attorney's fees would only be recoverable for the pure economic loss and not for the damages recovered pursuant to the LPLA.

De Atley v. Victoria's Secret Catalogue, LLC, 2004-0661 (La. App. 4 Cir. 5/14/04), 876 So.2d 112, 115-16.  Therefore, because Plaintiffs in this case are not making claims in redhibition for economic loss to the lawn mower itself, attorneys fees are not available.

**IT IS ORDERED** that the **Motion for Reconsideration**, filed by Defendants, should be and hereby is **GRANTED**.

New Orleans, Louisiana, this  5th  day of July, 2006.

_____
CARL J. BARBIER
UNITED STATES DISTRICT COURT